U.S. COURTS

APR 27 2009

Rcvd_____ Filed_____ Time_____
CAMERON S. BURKE
CLERK, DISTRICT OF IDAHO

Mary Chace
2675 W. Wave Court
Meridian, ID 83642
(208) 884-5437
Plaintiff Appearing Pro Per

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MARY CHACE, An Individual, ) | Case No. CIV 09-195-S-MHW |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | |
| FIRST HORIZON HOME LOANS, and ) | **1. BREACH OF CONTRACT** |
| FIRST HORIZON HOME LOAN ) | **2. MISREPRESENTATION** |
| CORPORATION, and METLIFE, and ) | **3. FRAUD** |
| METROPOLITAN LIFE INSURANCE ) | **4. FAILURE TO DISCLOSE** |
| COMPANY, and LANDAMERICA ) | **5. TRUTH IN LENDING** |
| DEFAULT SERVICES, and ) | **6. ABUSE OF PROCESS** |
| LANDAMERICA NATIONAL LENDER ) | **7. SPECIFIC PERFORMANCE** |
| SERVICES, All Foreign Corporations ) | |
| Doing Business in the State of Idaho, DOES ) | |
| and ROES 1-10 ) | |
| ) | **BY JURY TRIAL** |
| Defendant. ) | |

-------------------------------------------------

COMES NOW, the Plaintiff, appearing propria persona, and for cause of action, complain and allege as follows:

JURISDICTION

(UNITED STATES DISTRICT - DIVERSITY)

I.

Plaintiff, MARY CHACE, an individual, is, and at all times mentioned herein, residing in Ada County, Idaho.

II.

Defendant, FIRST HORIZON HOME LOANS, and FIRST HORIZON HOME LOAN CORPORATION, and METLIFE, and METROPOLITAN LIFE INSURANCE COMPANY, and

Complaint, Page 1

LANDAMERICA DEFAULT SERVICES, and LANDAMERICA NATIONAL LENDER

SERVICES, is, and at all times mentioned herein, are, or were, foreign corporations doing

business in the state of Idaho.

### III.

Defendant, DOES and ROES 1-10 are unknown at this time a may be participants

unknown to the Plaintiff at the time of filing, and by name, are doing business in the state of

Idaho.

### IV.

That the herein dispute between the Plaintiff and Defendant is under the jurisdiction of

United State District insofar that it is a diversity case pursuant to 28 U.S.C. § 1332.

### V.

### CAUSE OF ACTION

### (BREACH OF CONTRACT)

Allegations I. - IV. are hereby incorporated into this Cause of Action.

### VI.

On or about July, 2004, Plaintiff entered into contract with the Defendant FIRST

HORIZON HOME LOANS to render purchase of real property located at 2675 W. Wave Court,

Meridian, ID  83642, more particularly described as:

> Lot 39 in Block 11 of HAVEN COVE NO. 7 SUBDIVISION, according to the
> official plat thereof, filed in Book 77 of Plats at Pages(s) 8018 and 8019, official
> records of Ada County Idaho.

### VII.

On or about August, 2007, Defendant FIRST HORIZON HOME LOANS lost,

misapplied or otherwise transferred funds or servicing rights to Defendant FIRST HORIZON

HOME LOAN CORPORATION.

**Complaint, Page 2**

VIII.

On or about 19 October, 2007, Defendant FIRST HORIZON HOME LOAN CORPORATION placed the account into collections and foreclosure.

IX.

On or about 10 January, 2008, Plaintiff demanded an accounting of Defendant FIRST HORIZON HOME LOAN CORPORATION's and Defendant FIRST HORIZON HOME LOANS's account servicing by Qualified Written Request pursuant to RESPA § 6 (Real Estate Settlement Procedures Act).

X.

That said request for account servicing went unanswered and unheeded by either Defendant.

XI.

On or about April, 2008, Plaintiff entered into a loan loss mitigation program with the Defendant FIRST HORIZON HOME LOAN CORPORATION and Defendant FIRST HORIZON HOME LOANS.

XII.

On or about June, 2008, Defendant FIRST HORIZON HOME LOAN CORPORATION and Defendant FIRST HORIZON HOME LOANS sold or otherwise transferred the loan or servicing rights to Defendant METLIFE and Defendant METROPOLITAN LIFE INSURANCE COMPANY.

XIII.

On or about 6 November 2008, Defendant METLIFE and Defendant METROPOLITAN LIFE INSURANCE COMPANY returned funds to them dated 28 October 2008 as "Partial Payment Returned."

XIV.

On or about December 2008, Plaintiff became aware Defendant METLIFE and Defendant METROPOLITAN LIFE INSURANCE COMPANY placed the account into collections and foreclosure with Defendant LANDAMERICA DEFAULT SERVICES and Defendant LANDAMERICA NATIONAL LENDER SERVICES.

XV.

On or about 19 February, 2008, Plaintiff demanded an accounting of Defendant FIRST HORIZON HOME LOAN CORPORATION's and Defendant FIRST HORIZON HOME LOANS's account servicing by Qualified Written Request pursuant to RESPA § 6.

XVI.

On or about 19 February 2009, Plaintiff remitted documents to Defendant METLIFE and Defendant METROPOLITAN LIFE INSURANCE COMPANY which included, but was not limited to, hardship, contribution, benefit, income and expense letters, a divorce decree and bank statements, qualifying Plaintiff for a loan modification.

XVII.

That Plaintiff is still awaiting written confirmation of oral conveyance with Defendant METLIFE and Defendant METROPOLITAN LIFE INSURANCE COMPANY of said loan modification.

XVIII.

Defendant LANDAMERICA DEFAULT SERVICES and Defendant LANDAMERICA NATIONAL LENDER SERVICES has scheduled a foreclosure sale date of 28 April 2009.

XIX.

Defendants, and each of them, have not accepted any payments attempted from Plaintiff since October, 2008.

## XX.

## (MISREPRESENTATION and FRAUD)

Allegations I. - XIX. are hereby incorporated into this Cause of Action.

## XXI.

Defendants FIRST HORIZON HOME LOANS, and FIRST HORIZON HOME LOAN CORPORATION, and METLIFE, and METROPOLITAN LIFE INSURANCE COMPANY, and LANDAMERICA DEFAULT SERVICES, and LANDAMERICA NATIONAL LENDER SERVICES has committed a fraud against the Plaintiff upon discovery that the Defendant METLIFE, the purported "lender" or "note holder" (herein now known as solely the "loan servicer") has engaged in a pattern of fraud and deception across the country and the state of IDAHO in attempting to foreclose residential properties after agreeing to loan modifications.

## XXII.

Defendant METLIFE is defined as a "loan servicer" under provisions set forth under the Real Estate Settlement Procedures Act. Defendant METLIFE is not the owner, holder in due course, or has been granted any possessive stake of the loan described in and between the Plaintiff and Defendant FIRST HORIZON HOME LOANS as identified in Allegation VI. of the herein Complaint.

## XXIII.

Plaintiff's allegations that the Defendants, and each of them, have not been paid are false is easily ascertainable by the 10k and 8k filings with Defendant METLIFE's sworn filings with the Securities and Exchange Commission (SEC), wherein the description of the above identified loan transaction fits exactly with ALL similar loans that were securitized, traunched, and eventually sold in shares to an undisclosed Investor, described as Defendant ROE No.1.

## XXIV.

Defendant METLIFE has not disclosed the true holder in due course and the parties in possession of endorsement of the note itself. Plaintiff is informed and believes the Defendant

**Complaint, Page 5**

METLIFE, the purported owners of these mortgage documents, misled Plaintiff and Defendants LANDAMERICA DEFAULT SERVICES, and LANDAMERICA NATIONAL LENDER SERVICES to believe they (Defendant METLIFE) held the note, contrary to the facts herein, and initiated a foreclosure proceeding against Plaintiff alleging in their foreclosure proceeding that they are they are the true owners of the note.

XXV.

That Plaintiff discovered Defendant METLIFE treats all loans in this manner and that by granting Defendants LANDAMERICA DEFAULT SERVICES, and LANDAMERICA NATIONAL LENDER SERVICES the right to foreclose said Defendants were giving Defendant METLIFE the loan proceeds and the property, effectively double dipping the real estate transaction's credit balance twice.

XXVI.

That based upon the sworn filings of Defendant METLIFE with the federal agency the administers loans (either Federal National Mortgage Association [FNMA] or Federal Home Loan Mortgage Corporation [FHLMC] or other similar agency to be discovered under subsequent promulgation of the Securities and Exchange Act of 1933), Defendant METLIFE admits payment from its purchase or takeover of Defendant  FIRST HORIZON HOME LOANS.

XXVII.

That said payment occurred either prior to the loan closing or within days after the loan closing took place. According to those filings of the federal agencies as identified in Allegation XXVI. of the herein Complaint, full payment plus fees were paid to Defendant FIRST HORIZON HOME LOANS by a mortgage Aggregator, described as Defendant ROE No. 2.  The Defendant "lender" or "note holder" FIRST HORIZON HOME LOANS never entered the loan on its balance sheet or in its filings with the FDIC, or any regulatory agency or even to its shareholders because the transaction was classified as a service transaction represented solely on Defendant FIRST HORIZON HOME LOANS's income statement.

Complaint, Page 6

XXVIII.

### (FAILURE TO DISCLOSE INDISPENSABLE PARTIES

### TO DEFEND FORECLOSURE ACTION)

Allegations I. - XXVII. are hereby incorporated into this Cause of Action.

XXIX.

DOES and ROES 3-10, and as to what role they play, is not apparent in the names of entities used in the Plaintiff's Complaint, and none of which is revealed by any Defendant. Plaintiff is informed and believes the public filings set forth, to wit:

Defendant METLIFE filed the foreclosure action and now is intent on taking title to the property in addition to having been paid in full plus a fee for standing in for the mortgage Aggregator (previously identified as ROE No.2), who was the "real lender", unregistered in the State of IDAHO to do business as an Investment Bank (described as Defendant ROE No.3). · The Aggregator took title as a trustee of a mortgage pool to which many loans were assigned, not necessarily all real estate. The Aggregator purportedly assigned, but did not record, some interest in the note and mortgage in the instant action to a Special Purpose Vehicle (SPV) which was owned and operated by yet a different Investment Bank (Described as Defendant ROE No.4). The SPV was established by a Collateralized Debt Obligation Manager (CDO Manager) (described as Defendant DOE No.1) employed by said Investment Bank. The CDO Manager established tranches within the SPV and assigned parts of each pool to each tranche within the SPV. The hierarchy of tranches guarantees and requires a misapplication of funds out of and contrary to compliance with the terms of the subject mortgage security instrument and note. The subject pieces of the pool, that includes pieces of the subject mortgage and note, were then pledged to the buyers of certificates of debt instruments that were backed by and in substance convertible into equity shares of ownership of the subject mortgage and note. Each buyer received a share of the subject mortgage and note along with a share of thousands of other mortgages and notes. Each buyer was shown an AAA securities rating, insurance from AMBAC or similar entity (Described as Defendant ROE No.5) and a credit default swap that guaranteed payment of the revenue flow.

Thusly co-obligors were created along with insurance provisions, which Defendant METLIFE failed to disclose at any time to Plaintiff -- which Plaintiff may be able to avail herself to said insurance provision -- or Defendants LANDAMERICA DEFAULT SERVICES, and

**Complaint, Page 7**

LANDAMERICA NATIONAL LENDER SERVICES, and failed to plead that the holder of the note had not been paid despite overcollateralization of the negotiable instruments and the creation of a reserve pool to make payment, insurance, guarantees, and credit default swaps.

XXX.

(TRUTH IN LENDING AND ABUSE OF PROCESS)

Allegations I. - XXIX. are hereby incorporated into this Cause of Action.

XXXI.

That the failure to disclose the indispensable real parties, and all the fees paid to the undisclosed parties is a violation of the Truth in Lending Act (TILA) 15 U.S.C. § 1601. The contract between Plaintiff and Defendants, and each of them, provides for a Good Faith Estimate provided to Plaintiff, and in fair dealing, in addition to breach, and total abdication of the fiduciary duty owed by a lender to its borrower in which underwriting standards were reduced because the "lender" did not perceive itself to be at risk, Defendants, and each of them, including those undisclosed purchasers of insurance that qualifies as mortgage insurance, credit default swaps that qualify as mortgage insurance, and guarantees from third parties, including but not limited to the mortgagors whose negotiable instruments were also assigned to tranches that had lower priority than that which the subject loan transaction was assigned, and the payments made by Plaintiff, were in fact allocated and given not to the holder in due course of the subject mortgage and note, but to the CDO manager for allocation to tranches and securities which held a higher place in the hierarchy of the tranches within the SPV.

XXXII.

That the entire scheme was intended to trick or otherwise abuse investors into investing their capital into securities that were unregistered and unregulated, using the Plaintiff's signature as the issuer of the negotiable instrument which was perceived to give an inflated value to the derivative security purchased by those victimized investors.

XXXIII.

**Complaint, Page 8**

That this inflation of value was an exact reflection of the inflation of value that Defendants, and each of them, and their coconspirators paid for when they hired an appraiser for the loan closing. Thus the borrower and the investor, the only real parties in interest to the transaction were both tricked, cheated, and now foreclosed upon as the villains in someone else's scheme.

### XXXIV.

That the prosecution of a foreclosure action is by the owner and holder of the mortgage and the note. The Defendants, and each of them, have no sufficient stake in the outcome and that none of the Defendants bringing the claim are recognized in the law as being a real party in interest entitled to bring the claim as of the date of the commencement of the action. Plaintiff has no proper entity against which he can assert affirmative defenses and claims regarding predatory loan practices, misapplication of funds, fraud and other causes of action.

### XXXV.

### (SPECIFIC PERFORMANCE)

Allegations I. - XXXIV. are hereby incorporated into this Cause of Action.

### XXXVI.

Plaintiff and one of the Defendants has a contract for loan modification. Plaintiff wishes to enforce the provisions therein or otherwise modify the loan pursuant to mutual agreement as identified in Allegation XVI. of the herein Complaint.

**Complaint, Page 9**

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant:

1.   As and for the Defendant, and each of them, reinstate the loan pursuant to the loan modification agreement.

2.   As in the alternative, damages in the amount of $150,000.00.

3.   As and for Plaintiff's costs and fees incurred herein.

4.   As and for other and further relief as the Court deems just and proper in the premises.

DATED this ____22nd_____ day of ____April _____, _____2009_____.



_Mary Chace_
MARY CHACE, Plaintiff

Complaint, Page 10